431 F.Supp. 343 (1977)
John J. RAPHELD, Plaintiff,
v.
Detective George ICE and Detective Edward Opich, St. Louis County Police Department, Each individually and in his official capacity, Defendants.
No. 76-1160C(4).
United States District Court, E. D. Missouri, E. D.
May 5, 1977.
*344 Mark T. Keaney, St. Louis, Mo., for plaintiff.
Eugene K. Buckley, Evans & Dixon, St. Louis, Mo., Donald J. Weyerich, Special Asst. County Counselor, Clayton, Mo., for defendants.

MEMORANDUM
NANGLE, District Judge.
Plaintiff John J. Rapheld brought this suit seeking to recover damages for injuries sustained when defendants Detective George Ice and Detective Edward Opich allegedly beat plaintiff while questioning him in connection with a homicide.
This cause was tried to the Court without a jury. Having considered the testimony adduced, the documents submitted and the stipulation of the parties, the Court makes the following findings of fact and conclusions of law as required by Rule 52, Federal Rules of Civil Procedure:

FINDINGS OF FACT
1) Plaintiff John J. Rapheld was at all times relevant herein a citizen of the United States. Defendants George Ice and Edward Opich are, and were at all times relevant, detectives with the St. Louis County Police Department.
2) On February 27, 1976, defendants went to plaintiff's home in connection with an investigation of the February 21, 1976 murder and robbery of Judith Ann Atchison. Plaintiff thereafter accompanied defendants to St. Louis County Police Headquarters where he was interrogated about his involvement. Plaintiff made a confession of guilt to the crimes and was thereafter convicted of first degree murder and first degree robbery. A motion for new trial is presently pending in connection with this conviction.
3) Videotapes of plaintiff's actions shortly after the alleged beatings show that *345 plaintiff did not appear to be in any pain nor to have any restricted movement as a result of the alleged injuries. Upon entering the County Jail later that same evening, plaintiff failed to indicate that he had been injured although he was specifically asked if he had been injured.
4) Plaintiff's failure on February 28, 1976 at his talk with Terry Rapp, a social worker whom plaintiff knew, to mention the alleged beating is further evidence that he was not beaten by defendants.
5) Although evidence existed that there were certain marks or blotches on plaintiff's body that evening, the credible evidence fails to establish that such marks were the result of defendants' actions. The Court does not credit or accept plaintiff's version of the facts.

CONCLUSIONS OF LAW
Plaintiff has predicated the jurisdiction of this Court upon 28 U.S.C. § 1343 in conjunction with 42 U.S.C. § 1983. Plaintiff alleges that defendants' actions deprived him of his right to be free from cruel and unusual punishment, of his right to due process of law and of his right to equal protection of the law.
In Ingraham v. Wright, ___ U.S. ___, 97 S.Ct. 1401, 51 L.Ed.2d 711 (1977), the Court held that the Eighth Amendment's prohibition of cruel and unusual punishment did not apply to corporal punishment in a public school. In so holding, the Court noted that ". . . the proscription against cruel and unusual punishment . . . was designed to protect those convicted of crimes." Id. at ___, 97 S.Ct. at 1409 (emphasis added). The Court further noted that its decisions involving the Eighth Amendment related only to "the kinds of punishment that can be imposed on those convicted of crimes . . .", "punishment grossly disproportionate to the severity of the crime . . .", and "limits on what can be made criminal and punished as such . . .". Id. at ___, 97 S.Ct. at 1410. Accordingly, this Court must conclude that the Eighth Amendment provides no support for the claim made herein. In Ingraham, however, the Court recognized that "the state cannot hold and physically punish an individual except in accordance with due process of law". Id. at ___, 97 S.Ct. at 1414. Accordingly, the Court concludes that jurisdiction exists pursuant to 28 U.S.C. § 1343 because of the allegation of deprivation of due process.
The burden of proof rests with plaintiff herein. Cf., Adickes v. S. H. Kress & Co., 398 U.S. 144, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970); Martin v. Duffie, 463 F.2d 464 (10th Cir. 1972). It is the Court's conclusion that plaintiff has failed to meet this burden. The credible evidence fails to establish that defendants beat, struck or abused plaintiff in any manner whatsoever.
Accordingly, judgment will be entered for defendants.